UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KIEYOKIE AMIN, as administratrix of the estate of her minor child K.A. | * * * | CIVIL ACTION |
| | * | NUMBER: 2:19-cv-13539 |
| VERSUS | * * | |
| | * | SECTION: |
| ST. TAMMANY PARISH SCHOOL BOARD, WILLIAM FOLSE, III, SHARON HOSCH, JEANNE BOWER, CONNIE TERRY, ROBERT M. ALFORD, STEPHANIE JACKSON, SAUDAH BLACKMAN-STOKES, KELLY MORRIS, VALERIE MONAHAN, RAVEN STRANGE, CARLISS AGUILLARD, AND KRISTEN ZEMMER. | * * * * * * * * * * * | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

The complaint of Kieyokie Amin, as administratrix of the estate of her minor child K.A., respectfully represents as follows:

I.

This Honorable Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331 in that the claims asserted herein arise under the constitution and/or laws of the United States. Further, venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391(b) in that all but one of the Defendants all reside in this judicial district, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

II.

Made Defendants herein are:

    a.    St. Tammany Parish School Board (hereinafter sometimes referred to as "STPSB"), an entity domiciled in St. Tammany Parish, Louisiana;

b.  William Folse, III, individually and in his official capacity as the Superintendent of Schools for the St. Tammany Parish School Board, a resident of the full age of majority of St. Tammany Parish, Louisiana;

c.  Sharon Hosch, individually and in her official capacity as Supervisor of Special Education for the St. Tammany Parish School Board, a resident of the full age of majority of Chilton County, Alabama;

d.  Jeanne Bower, individually and in her official capacity as Supervisor of Special Education for the St. Tammany Parish School Board, a resident of the full age of majority of St. Tammany Parish, Louisiana;

e.  Connie Terry, individually and in her official capacity as Assistant Supervisor of Special Education for the St. Tammany Parish School Board, a resident of the full age of majority of St. Tammany Parish, Louisiana;

f.  Robert M. Alford, individually and in his official capacity as Principal for Abney Elementary School, a resident of the full age of majority of St. Tammany Parish, Louisiana;

g.  Stephanie Jackson, individually and in her official capacity as Principal for Abney Elementary School, a resident of the full age of majority of St. Tammany Parish, Louisiana;

h.  Saudah Blackman-Stokes, individually and in her official capacity as Principal for Salman High School, a resident of the full age of majority of St. Tammany Parish, Louisiana;

j.  Kelly Morris, individually and in her official capacity as School Counselor for Salman High School, a resident of the full age of majority of St. Tammany Parish, Louisiana;

j.  Valerie Monahan, M.S., NCSP, individually and in her official capacity as Certified School Psychologist for Abney Elementary School, a resident of the full age of majority of St. Tammany Parish, Louisiana;

k.  Raven Strange, LCSW, individually and in her official capacity as a PAS Social Worker at Salmen Elementary;

l.  Carliss Aguillard, L.C.S.W., individually and in her official capacity as School Social Worker for Abney Elementary; and

m.  Kristen Zemmer, individually and in her official capacity as Occupational Therapist of Abney Elementary School, a resident of the full age of majority of St. Tammany Parish, Louisiana.

All of whom are at time collectively referred to as "defendants" and who are indebted unto

complainants jointly, severally, and *in solido* for damages in an amount reasonable in the premises, as well as punitive damages and attorneys' fees where applicable, and all costs of these proceedings, along any other relief provided by law plus legal interest on all amounts awarded from date of judicial demand until paid.

III.

At all material times herein, Kieyokie Amin was the natural parent and natural tutrix of K.A., born on April 8, 2002, and has the capacity to file suit on behalf of her minor child under La. C.C.P. Article 4061.1.

IV.

At all material times herein STPSB was the owner and operator of "Abney Elementary School," "St. Tammany Junior High," and "Salmen High School," all of which are located in St, Tammany Parish, Louisiana.

V.

At all material times herein, the following persons were employed by the STPSB and acting in the course and scope of their employment: William Folse, III, Sharon Hosch, Jeanne Bower, Connie Terry, Robert M. Alford, Stephanie Jackson, Saudah Blackman-Stokes, Kelly Morris, Valerie Monahan, M.S., NCSP, Raven Strange, LCSW, Carliss Aguillard, L.C.S.W., and Kristen Zemmer.

VI.

During the 2010/2011 school year, K.A. was enrolled as a second-grade student at Abney Elementary School and was in the charge, custody, control, and care of Defendants.

VII.

At all material times herein, K.A. was an individual diagnosed with a "disability" within the meaning of state and federal laws recognized by, applicable to, and governing the actions and

relationship of Defendants to Kieyokie Amin and K.A. More specifically, beginning in the 2010/2011 school year K.A. was diagnosed with attention deficit hyperactivity disorder and with learning deficits in verbal communication, articulation, reading comprehension, mathematics calculations, and mathematics problem solving. No testing or evaluations performed have ever indicated that K.A. belonged in a mild to moderately mentally disabled setting.

VIII.

Beginning in the 2010/2011 school year, while K.A. was enrolled as a student at Abney Elementary School, the Defendants and other unknown teachers, staff and employees of Abney Elementary School continuously allowed K.A. to be placed in a mild to moderately mentally disabled classroom. This placement was wholly unsuitable and in no way justified for a child with her level of learning disability, and was done without any indication that such an environment was appropriate. Nor was this placement in a mild to moderately mentally disabled class done subject to any individualized education plan at any time. Said actions and abuse include but are not limited to:

a. Placing K.A. in an exceptionally restrictive learning environment;

b. Failing to properly evaluate/re-evaluate K.A.'s cognitive ability;

c. Depriving K.A. of necessary cognitive development skills, which constitutes abuse; and

d. Other acts, omissions, and/or deliberate inactions to be shown at trial.

IX.

These inappropriate actions were taken without the informed consent of her mother, Kieyokie Amin.

X.

During the 2010/2011 school year, it was recommended that K.A. be taught in a small

group classroom setting based on the results of her integrated evaluation dated May 16, 2010 which shows that K.A. needed support for math calculation, reading comprehension, math reasoning, managing her attention deficit hyperactivity disorder, and attention to tasks. However, mild to moderately mentally disabled classes are not in any way the equivalent of a small group classroom setting. This incorrect placement carried over through each school year until 2018 when she was a sophomore at Salmen High School. It was not until the December 20, 2018 individualized education program ("IEP") meeting that Kieyokie Amin learned of her daughter K.A.'s improper placement, and STPSB's failure to properly evaluate her.

XI.

During this entire time period, K.A. was never re-evaluated in violation of Title 20 U.S.C. §1414(a)(2)(B)(iii). At 17 years old, K.A. has lost forever the opportunity to acquire certain fundamental academic skills and has permanent cognitive impairment as a result of the deprived learning environment of the mild to moderate classes in which she was improperly placed for approximately eight years of her formative childhood.

XII.

On August 12, 2019, Kieyokie Amin filed a complaint requesting a due process hearing. The complaint alleged that STPSB denied K.A. her procedural and substantive rights to a FAPE under the IDEA. The parties agreed to mediate, and mediation was held at the Harrison Curriculum Center in Covington, Louisiana on October 17, 2019. The parties reached an agreement at mediation, the request for a due process hearing was dismissed without prejudice, and any claims under IDEA were waived. The Settlement Agreement is attached as Exhibit "A."

XIII.

The actions, omissions, and/or deliberate inactions of the teachers, staff, and employees of

Abney Elementary School alleged above were known or should have been known to Defendants. Further, in addition or alternatively the actions of the teachers and staff at Abney Elementary School were in accordance with an express policy of STPSB.

XIV.

Alternatively, the actions of the teachers and staff at Abney Elementary School were in accordance with an implied or implicit policy of STPSB.

XV.

Alternatively, STPSB failed to have an adequate and appropriate policy for the education, handling, and general care of the disabled students in its charge and further failed to provide adequate training in same to the teachers, staff and employees. The failure of STPSB to implement and enforce an adequate and appropriate policy amounted to an implicit policy of allowing the discretion of individual agents and employees to be applied.

XVI.

STPSB, both as a system and through its individuals in supervisory positions, exhibited indifference to and failed to react to and remedy these wrongs to K.A. at a myriad of opportunity including annual IEP meetings over an eight year period, despite knowing or failing to know what should have been known about said wrongs, thus establishing or furthering the existing policy of tolerating practices that harmed students and violated their constitutionally and federally guaranteed rights, privileges and immunities.

XVII.

Additionally, the failure of STPSB to implement an adequate and appropriate policy and to train its teachers, staff and employees in same, such that incidents much like those suffered by K.A. would be prevented, was a systemic failure.

XVIII.

Further, Defendants:

a. Failed to inform the student's mother, Kieyokie Amin, of the substantial consequences of prolonged deprivation of essential cognitive development exercises not present in a mild to moderate classroom setting;

b. Failed to appropriately evaluate whether the placement of K.A. in a mild to moderate setting was or had ever been appropriate by failing to evaluate, test, monitor, and observe K.A.;

c. Failed to inform Kieyokie Amin that her daughter was inappropriately placed, but rather was thriving; and

d. Committed other such actions, omissions, and/or deliberate inactions as may be shown at trial.

XIX.

At all pertinent times, Complainant enjoyed clearly established rights to due process of the law, liberty, and freedom from abuse, and equal protection of the law, among other rights, privileges and immunities guaranteed to them pursuant to the 1st, 4th, 5th, 8th, 9th and 14th Amendments to the United States Constitution and also the Louisiana Constitution of 1974, as well as the benefit of other rights, privileges and immunities afforded to them by various Federal statutes and others to be clarified upon continued investigation and discovery in this matter.

XX.

As a result of the actions, omissions, and/or deliberate inactions of Defendants, K.A. was subjected to a deprived, neglectful and intellectually and emotionally abusive environment in violation of Complainants' rights under the U.S. Constitution and Louisiana Constitution of 1974 including but not limited to those guaranteed in the 1st, 4th, 5th, 8th, 9th and 14th Amendments of the U.S. Constitution.

XXI.

At all material times herein, Defendants were "'persons" acting under color of law within

the meaning and intent of 42 U.S.C. §1983, as they were placed in a position of authority over and custody of K.A. by virtue of, among other things, various Federal and State laws establishing mandatory public education of minors, a free appropriate public education in the least restrictive environment, educational access for disabled persons, and the statutory and regulatory scheme for implementing and enforcing same.

XXII.

The conduct of the Defendants taken under color of said laws, being the actions, omissions, and/or deliberate inactions set forth herein, violated Complainants' clearly established rights, privileges, and immunities under the United States Constitution and various Federal statutes as described above, and Defendants are thus liable unto Complainants pursuant to 42 U.S.C. §1983, et seq. for all resultant damages as provided by law.

XXIII.

Further, the actions of Defendants were undertaken with malice and/or reckless indifference to Complainants' rights. Moreover, there was indifference of the various supervisory Defendants in carrying out their supervision of those individuals and entities for which they were responsible, and accordingly all of the Defendants are liable for punitive damages pursuant to applicable State and Federal law, including but not limited to 42 U.S.C. §1983.

XXIV.

The actions of defendants set out above including the failure to investigate and inform Kieyokie Amin of the ongoing deprivation to K.A. of necessary cognitive development, making said decisions to do so without the benefit of re-evaluations, any testing that justified such placement, and placing her in an inappropriate mild to moderately mentally disabled setting not in accordance with an individualized education plan when they knew or should have known of said

actions constitutes a conspiracy to violate the constitutionally and statutorily protected rights of Complainant.

XXV.

STPSB is liable under §1983 for the deliberate indifference to K.A.'s constitutional rights because it delegated to local school officials the policy making authority over monitoring and ensuring children are not placed without justification, including monitoring evaluations/re-evaluations and testing, into the mild to moderate mentally disabled classroom.

XXVI.

STPSB is liable under §1983 for its failure to adopt a policy regarding safeguards against the irreversible harm of placing a child in an environment without opportunity for cognitive development when there is no indication that the child qualifies so low as to be appropriately placed in a mild to moderate mentally disabled setting.

XXVII.

STPSB is liable under §1983 for its deliberate indifference to K.A.'s constitutional right by delegating local school officials with the policy making authority over those who saw, as a suitable solution to providing a recommended small group setting for learning, a mild to moderately mentally disabled classroom, without any indication that the child qualified so low as to be placed in such restrictive and learning deprived environment.

XXVIII.

STPSB is liable under § 1983 for its failure to employ a system to ensure such a misplacement into a mild to moderately mentally disabled classroom could be remedied as soon as possible.

XXIX.

The actions, omissions, and/or deliberate inactions of Defendants also constitute torts under the law of Louisiana, including, but not exclusively, wrongful imprisonment, intentional infliction of emotional distress, and gross and wanton negligence which are actionable pursuant to La. Civil Code Article 2315, et seq.

XXX.

As a result of the actions, omissions, and/or deliberate inactions of Defendants set forth herein, Complainant has sustained special damages including but not limited to loss of education and financial opportunity, educational expenses not available as Individuals with Disabilities Education Act ("IDEA") relief, loss of future wages, loss of earning capacity, and such other items of special damages as may be shown, and it is believed more likely than not that these expenses and special damages will continue into the future.

XXXI.

Further, as a result of the actions, omissions, and/or deliberate inactions of Defendants, Complainant has sustained and will sustain in the future general damages including but not limited to:

    a.    Cognitive learning injury and its attendant pain and suffering;

    b.    Mental distress, anguish, and trauma;

    c.    Fright and fear;

    d.    Embarrassment and humiliation;

    e.    Loss of enjoyment of life;

    f.    Other damages which may be shown at trial of this matter.

XXXII.

The remedies available under the IDEA have been fully explored and to the extend

available have sought them administratively and agree to accept some of the equitable remedies available under the purview of the IDEA. However, the relief sought herein is wholly separate and distinct from IDEA remedies, and efforts to achieve the remedies sought herein would be futile under an IDEA regime.

XXXIII.

STPSB is liable under § 1983 and Louisiana state tort law as the mild to moderate setting in which K.A. was incorrectly placed for eight years was not done pursuant to an IEP. No evidence exists that any IEP ever included mild to moderate mentally disabled placement and the IDEA therefore cannot be seen as the proper authority for which to seek remedy for the direct harm caused by the state.

XXXIV.

The harm caused by the misplacement was not made pursuant to implementation of an education plan pursuant to the IDEA, but rather caused by deliberate indifference and gross negligence. These constitutional right and rights under state law were violated against a child with learning disabilities and who is IDEA qualified, but these deprivations of rights and incurred damages were occasioned under § 1983 and state law.

XXXV.

To the extent provided by 42 U.S.C. § 1983, et seq. or any other State and/or Federal law, Complainant also seeks recovery of attorneys' fees.

XXXVI.

To the extent provided by 42 U.S.C. § 1983, et seq. or any other State and/or Federal law, Complainant also seeks recovery of punitive damages.

XXXVII.

Complainant is entitled to and respectfully requests trial by jury as to all issues.

**WHEREFORE** Complainant, Kieyokie Amin, as administratrix of the estate of her minor child K.A., prays that her Complaint for Damages be deemed good and sufficient and that, after due proceedings had, there be judgment herein in her favor and against Defendants jointly, severally and in solido for damages in an amount reasonable in the premises, as well as punitive damages and attorneys' fees where applicable, and all costs of these proceedings, along any other relief provided by law plus legal interest on all amounts awarded from date of judicial demand until paid; and

**PRAYS FURTHER** for trial by jury; and

**PRAYS FURTHER** for any and all other relief available.

Respectfully Submitted,

**BRICE JONES & ASSOCIATES, L.L.C.**

/s/ Paul D. Hesse

G. BRICE JONES (No. 7484)
PAUL D. HESSE (No. 22796)
L. JASON CUCCIA (No. 31120)
61025 Highway 1091 (Robert Rd.)
Slidell, Louisiana 70458
Telephone:    (985) 643-2413
Facsimile:    (985) 649-5830
Email:        brice@bricejoneslaw.net
              paul@bricejoneslaw.net
              jason@bricejoneslaw.net

***Attorneys for Kieyokie Amin***